UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLERY LAMBERT, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) No. 1:24-cv-02056-JMS-KMB |
| | ) |
| DONALD EMERSON, | ) |
| | ) |
| *Respondent*. | ) |

**ORDER**

Petitioner Ellery Lambert has filed a Petition for a Writ of Habeas Corpus alleging that his constitutional rights were violated in a disciplinary proceeding that resulted in his conviction and the loss of earned-credit time and credit-earning class. [Filing No. 2.] The Respondent has filed a Motion to Dismiss for failure to exhaust administrative remedies. [Filing No. 9.] To date, Mr. Lambert has not filed a response. The Motion is ripe for the Court's review.

**I.**
**LEGAL BACKGROUND**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
### FACTUAL BACKGROUND

On December 14, 2023, Officer V. Afun wrote a Conduct Report charging Mr. Lambert with Offense 106, Possession of Contraband and a Dangerous Weapon. [Filing No. 9-1 at 1.] The Conduct Report stated as follows:

> On 12/4/23 at approximately 730am E-squad, Custody and Unit team went to West dorm and started to search L-Unit first. Officer V. Afun was searching I.I. Ellery Lambert 269645 property and found 2 altered gray shirts, jacket and improvised weapon.

[Filing No. 9-1 at 1.]

Officer Afun later wrote a Witness Statement elaborating on the offense, which stated:

> On 12/4/23, I Officer V. Afun was part of the search team that shook down HUW L & M units and HUC N & O units. The search begun in L unit after which we proceeded into M unit. While searching I/I Ellery, Lambert #269645 property in M-31 cell, I came across a brown jacket that was laying on his bunk. While going through the pockets of the jacket, I discovered a metal slender object with a black plastic handle. This in my experience as a correctional officer with IDOC is an improvised weapon. I also came across altered gray sweatshirt on the same bunk. This bunk is the bunk that I/I Ellery is assigned to and as such I charged with possession of such items.

[Filing No. 9-2 at 1.]

Mr. Lambert did not request witnesses but did request security footage, which was summarized by a prison official and corroborated Officer Afun's account. [Filing No. 9-8.] At Mr. Lambert's disciplinary hearing, he testified that "[the] [s]tuff is not mine. I wouldn't possess anything like that. I'll be going home soon. Never took jacket or anything like that." [Filing No. 9-7 at 1.] He was convicted and sanctioned with a loss of 180 days of earned-credit time and a demotion in one credit-earning class. [Filing No. 9-7 at 1.]

Mr. Lambert appealed the decision to the Facility Head on January 30, 2024, but before receiving the result, Mr. Lambert also filed a final appeal. [Filing No. 9-11 at 2.] Mr. Lambert was informed by the Appeal Review Officer that a final appeal was premature because the results

of the facility-level appeal had not concluded. [Filing No. 9-11 at 2.] The Appeal Review Officer informed Mr. Lambert that he could resubmit his final appeal after the facility-level appeal concluded. [Filing No. 9-11 at 2.] After the facility-level appeal was denied, Mr. Lambert did not file a final appeal. [Filing No. 9-11 at 3.]

Mr. Lambert later filed a Petition for a Writ of Habeas Corpus, alleging that his constitutional rights were violated during his disciplinary hearing. [Filing No. 2.] The Respondent has filed a Motion to Dismiss and argues that Mr. Lambert did not exhaust his administrative remedies and has not shown cause and prejudice for failure to do so. [Filing No. 9; Filing No. 10.]

### III.
### DISCUSSION

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of cause and prejudice or a miscarriage of justice has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded compliance with the procedural rule. . . . This normally means petitioner must show[ ] that the factual or legal basis for a claim was not reasonably available, or that some interference by officials[ ] . . . made compliance impracticable." *Love v. Vanihel*, 73 F.4th 439, 446–47 (7th Cir. 2023) (citations and internal quotation marks omitted). "[T]o establish prejudice, the prisoner must show not merely a substantial federal claim, such that the errors at trial created a possibility of prejudice, but rather that the constitutional violation worked to his actual and substantial disadvantage." *Id.* at 448 (citation omitted and emphasis removed).

Mr. Lambert filed a final appeal before his facility-level appeal concluded, which was against IDOC policy. [Filing No. 9-11 at 2-3.] He was informed that he could re-file his final appeal once the facility-level appeal concluded, but he did not do so. [Filing No. 9-11 at 2-3.] Mr. Lambert has not filed a response brief attempting to show cause or prejudice. And, in any event, the Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). There is no indication that Mr. Lambert's due process rights were violated in his disciplinary decision.

## IV.
### CONCLUSION

For the foregoing reasons, the Respondent's Motion to Dismiss, [9], is **GRANTED**.

Final judgment shall issue by separate order.

Date: 3/3/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ELLERY LAMBERT
269645
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

4